OPINION
Mary Singleton appeals from her conviction in the Dayton Municipal Court for failing to obey a legal order to remedy a housing-code violation. In her sole assignment of error, Singleton argues that R.C.G.O. § 150.29, which sets a maximum height for certain shrubbery, is an unconstitutional ex post facto law, as applied to her.
The present appeal stems from a legal order Singleton received directing her to correct a zoning-code violation at her residence. The order identified the zoning violation as maintaining shrubbery that exceeded the maximum permissible height allowed under § 150.29. Singleton refused to trim her shrubbery, and the City subsequently filed a criminal complaint against her. The complaint charged her with failing to obey a legal order of a housing inspector in violation of R.C.G.O. § 93.05, a third-degree misdemeanor offense.
Singleton entered a no-contest plea and then moved to dismiss, arguing that § 150.29, which established the height limit for her shrubbery, constituted an ex post facto law. The trial court overruled Singleton's motion and found her guilty of violating § 93.05, the offense charged in the complaint. In so doing, the trial court stated that she had been charged with "failing to obey a legal order of the housing inspector to trim hedges on her property to a certain height[.]" On appeal, Singleton contends her prosecution violates the ex post facto clause of the Ohio and U.S. Constitutions.
Without regard to the merits of Singleton's argument, we must reverse her conviction for another reason. The underlying legal order directed Singleton to comply with the height restrictions in § 150.29, which is part of the City's zoning code. Singleton's refusal to trim her shrubbery subjected her to prosecution under § 150.492, which makes criminal the failure to comply with a legal order to remedy a zoning-code violation. The criminal complaint filed against Singleton, however, did not charge her with violating § 150.492. Rather, it charged her with violating § 93.05, which is part of the City's housing code. Section 93.05 makes criminal the failure to comply with a legal order to remedy a housing-code violation. As the City concedes, Singleton's refusal to trim her shrubbery did not constitute a failure to comply with a legal order to remedy a housing-code violation. Consequently, the City candidly admits, and we agree, that her conviction must be reversed, regardless of her ex post facto concerns, as the record contains absolutely no facts to support a finding that she failed to comply with a legal order to remedy a housing-code violation.
Based on the reasoning set forth above, we hereby reverse the judgment of the Dayton Municipal Court.
Judgment reversed.
GRADY, J., and YOUNG, J., concur.